## HANNAH v. STATE. (7 Div. 966.)

(Court of Appeals of Alabama. Feb. 12, 1924.)

1. Criminal law ⟺368(1) — Competent for state to show what state's witness said to defendant in regard to purchase of whisky at the time.

In a prosecution for selling prohibited liquor, it was competent for the state to show as a part of the res gestæ what the state's witness said to the defendant in regard to the purchase of the whisky at the time of the alleged transaction.

2. Criminal law ⟺1170½(5) — Error in excluding evidence cured by subsequent testimony.

Error, if any, in the trial court's refusal to permit defendant's counsel to ask the state's witness if he drank or got drunk was cured by the witness testifying that he had not been drinking at the time he bought the whisky from

defendant, for which the latter was being prosecuted.

**3. Witnesses ⬤➔327—Competent to show witness was drinking at time of transaction.**

In prosecution for unlawful sale of intoxicating liquor, it was competent as affecting the credibility and accuracy of state's witness to show that he was drinking at the time of the transaction.

**4. Intoxicating liquors ⬤➔233(1)—Testimony that state's witness had no whisky before alleged transaction competent.**

In prosecution for sale of intoxicating liquors, it was competent for the state to show that two other persons accompanied the state's witness part of the way on the day the witness testified he bought the whisky from the defendant, that when he left them he had no whisky, and when he returned in a short time he had a quart of corn whisky.

**5. Criminal law ⬤➔338(1)—Testimony relating to transaction admissible.**

Testimony is admissible when it relates to and is connected with the transaction it is intended to elucidate, being admissible if it is a single link in a chain of circumstances, or is merely corroborative.

**6. Intoxicating liquors ⬤➔236(11) — Evidence held sufficient to show sale.**

In a prosecution for unlawful sale of intoxicating liquors, evidence *held* sufficient to sustain a conviction.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Ed Hannah was convicted of violating the prohibition law, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for selling prohibited liquors. The evidence for the state tended to show that in February, 1922, the defendant sold a quart of corn whisky to one Carl Layman. The evidence for the defendant tended to show that he did not sell the whisky.

[1] It was competent for the state to show as part of the res gestæ what the state's witness said to the defendant in regard to the purchase of the whisky at the time of the alleged transaction. 4 Michie's Dig. § 214 (1).

[2] Error, if any, in the trial court's refusal to permit the defendant's counsel to ask the state's witness Layman if he drank or got drunk was cured by the witness testifying that he had not been drinking at the time he bought the whisky from defendant.

[3] It was competent as affecting the credibility and accuracy of the witness for the defendant to show that he was drinking at the time of the transaction, and the defendant was permitted by the court to introduce evidence that the witness appeared to be drinking, and that he was staggering and intoxicated.

The defendant had the benefit of all the evidence he offered as to the condition of the witness at the time of the alleged purchase of the whisky.

[4] It was competent for the state to show that two other persons accompanied the witness Layman part of the way on the day the witness testified he bought the whisky from the defendant, that when he left them he had no whisky, and when he returned in a short time he had a quart of corn whisky. The evidence was material, and tended to corroborate the testimony of the witness Layman.

[5] Testimony is admissible when it relates to and is connected with the transaction it is intended to elucidate. Of itself it may not be full proof. If it is a single link in a chain of circumstances, or is merely corroborative, it is admissible.

[6] The court did not err in refusing charges 1 and 2, the affirmative charge for the defendant. There was ample evidence to submit to the jury the question of the guilt vel non of the defendant.

The record fails to disclose error.

The judgment of the circuit court is affirmed.

Affirmed.